# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DAVID PAUL HILL,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 1:16-CV-369
CRIM. NO. 1:05-CR-171; 1:05-CR-110
JUDGE MICHAEL H. WATSON
Magistrate Judge Elizabeth A. P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, moves to vacate his sentence under 28 U.S.C § 2255. This action is before the Court on Petitioner's motion (ECF No. 10), the Government's response (ECF No. 19), and Petitioner's reply (ECF No. 20). For the reasons that follow, the Undersigned recommends that Petitioner's motion be **DENIED**, and that Petitioner's action be **DISMISSED**.

## Facts and Procedural History

On August 10, 2006, this Court sentenced Petitioner to an aggregate term of 151 months imprisonment to be followed by three years of supervised release after he pleaded guilty to three charges of bank robbery in violation of 18 U.S.C. § 2113(a). Specifically, Petitioner pleaded guilty to Count Two of the *Indictment* in Case Number 1:05-cr-110, and Counts One and Two of the *Indictment* in Case Number 1:05-cr-171, which had been transferred to this Court from the Eastern District of Kentucky.

The Court sentenced Petitioner as a career offender pursuant to U.S.S.G. § 4B1.1(a), which provides that a defendant is a career offender if he was at least eighteen years old at the time of the offense; the offense of conviction is a felony crime of violence or a felony-controlled

substance offense; and the defendant has at least two such prior convictions. At the time, [1] U.S.S.G. § 4B1.2(a) defined a "crime of violence" as any offense under federal or state law punishable by a term of imprisonment exceeding one year that:

> 1. has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> 2. is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

Section 4B1.2(a)(1) is referred to as the "elements" or "use of force" clause; the portion of § 4B1.2(a)(2) beginning with "burglary" and concluding with "explosives" is referred to as the "enumerated" clause; the italicized portion of § 4B1.2(a)(2) is referred to as the "residual" clause.

Petitioner was designated a career offender because he was over eighteen years of age at the time of the instant offenses, his instant convictions for bank robberies in violation of 18 U.S.C. § 2113(a) were felony crimes of violence, and he had two prior convictions for felony crimes of violence: 1) a 1990 conviction for unarmed bank robbery in violation of 18 U.S.C. § 2113(a) (*United States v. David Hill*, Case No. 2:90-cr-191, S.D. Ohio, 1990), and 2) a 1997 conviction for bank robbery in violation of 18 U.S.C § 2113(a) (*United States v. Hill*, Case No. 1:97-cr-090, S.D. Ohio, 1997). *PreSentence Investigation Report*, ¶¶ 51-52; 64, 65. On January 31, 2008, the United States Court of Appeals for the Sixth Circuit affirmed this Court's *Judgment*. *United States v. Hill*, Nos. 06-4361/4362/4363 (6th Cir. Jan. 31, 2008) (noting that "the district court did not err in concluding that Hill qualified as a career offender, as his instant offense was a crime of violence and he had at least two prior felony convictions for crimes of violence.") (citations omitted).

---

[1] The 2005 edition of the United States Sentencing Guidelines applies in this case.

**Discussion**

In his March 9, 2016 motion to vacate, Petitioner asserts that he was unconstitutionally sentenced as a career offender in light of *Johnson v. United States*, 135 S.Ct. 2251, 2257 (2015). In *Johnson*, the United States Supreme Court held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), the Armed Career Criminal Act ("ACCA"), was unconstitutionally vague in violation of the Due Process Clause. Petitioner further asserts that he was "adjudged a career offender" pursuant to the residual clause of § 4B1.2(a)(2); that the residual clause in § 4B1.2(a)(2) is identical to the residual clause in ACCA that was declared void for vagueness in *Johnson;* and that the residual clause of § 4B1.2(a)(2) must therefore be void as well. Petitioner further argues that his convictions for violating 18 U.S.C. § 2113(a) do not constitute crimes of violence under the elements or enumerated clauses of § 4B1.2(a).

On May 13, 2016, the Sixth Circuit Court of Appeals decided *United States v. Pawlack*, 822 F.3d 902, 902 (6th Cir. 2016). In that case the Sixth Circuit applied the reasoning in *Johnson* to invalidate the residual clause in § 4B1.2(a). *Id.* Accordingly, when the Government responded to Petitioner's motion on June 20, 2016, it was forced to concede that under Sixth Circuit precedent, Petitioner's bank robbery convictions could not constitute crimes of violence pursuant to the residual clause of § 4B1.2(a). The Government nevertheless maintained that Petitioner's bank robbery convictions constituted crimes of violence under the elements and enumerated clauses of § 4B1.2(a). (ECF No. 20.) On June 27, 2016, however, the Supreme Court granted certiorari in *Beckles v. United States*, 136 S.Ct. 2510 (2016) (granting cert). On July 6, 2016, the Government moved to hold this action in abeyance pending a ruling in *Beckles* because *Beckles* would conclusively resolve whether the residual clause of § 4B1.2(a) was invalidated in light of the reasoning in *Johnson*. (ECF No. 21.)

On March 6, 2017, the Supreme Court issued its opinion in *Beckles*, holding that the reasoning of *Johnson* did not invalidate the residual clause of § 4B1.2(a), thereby overruling the Sixth Circuit's contrary holding in *Pawlack*. *Beckles v. United States,* 580 U.S. –, 2017 WL 855781 (2017). The Supreme Court explained that:

> [u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences . . . . they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.

*Id.* at *6. For that reason, Petitioner's claim that his bank robbery convictions cannot be considered crimes of violence pursuant to the residual clause of § 4B1.2(a) fail. Indeed, the Sixth Circuit has subsequently explained that "*Beckles* made clear that *Johnson*-like relief is not available to individuals raising void-for vagueness challenges to sentences imposed pursuant to the residual clause contained in the prior version of U.S.S.G. §4B1.2(a)." *Harris v. United States*, No. 16-3332, 2017 WL 1379472, at *3 (6th Cir. April 17, 2017).

Although the Court concludes that Petitioner's convictions constitute crimes of violence pursuant to the residual clause, the Court notes that convictions for bank robbery under § 2113(a), whether committed through force or through intimidation, also constitute crimes of violence under the elements clause. *See e.g.*, *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (concluding "[a] taking by intimidation under § 2113(a) ... involves the threat to use physical force" under the guidelines); *United States v. Ellison*, 866 F.3d 32, 39-40 (1st Cir. 2017) (ruling that bank robbery through intimidation under §2113(a) constitutes a crime of violence under the elements clause because " proving 'intimidation' under § 2113(a) requires proving that a threat of bodily harm was made § 2113(a)"); *United States v. Wilson*, No. 16-3485, 2018 WL 444190, at *4 (3d Cir. Jan. 17, 2018) (finding that "unarmed bank robbery by intimidation" in

4

violation of § 2113(a) is a crime of violence under § 4B1.2(a)(1), because intimidation involves the threatened use of physical force against another); *United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017) (finding that federal bank robbery is a crime of violence under elements clause); *United States v. Campbell*, 865 F.3d 853, 854 (7th Cir. 2017) (finding that federal bank robbery by intimidation in violation of § 2113(a) is a crime of violence for purposes of applying the pre-2016 federal Sentencing Guideline for career offenders); *United States v. Harper*, 869 F.3d 624, 626-27 (8th Cir. 2017) (holding "bank robbery by intimidation under § 2113(a) is a crime of violence under the force clause, because it involves a threatened use of force"). Petitioner's instant conviction and his 1997 convictions were for taking by "force, violence, and intimidation," while his 1991 conviction was for taking "by intimidation." (*Indictment*, 1:05-cr-110, ECF No. 3; *Indictment*, 1:97-cr-90, ECF No. 8; *Indictment,* 2:90-cr-191, ECF No. 1). Petitioner's convictions could constitute crimes of violence under the elements clause as well.

## Conclusion

For the reasons outlined herein, the Undersigned **RECOMMENDS** that the motion to vacate (ECF No. 10), be **DENIED**. The Undersigned recognizes that the parties did not, however, fully brief whether Petitioner's convictions constituted crimes of violence pursuant to the residual clause given the Sixth Circuit's ruling in *Pawlack*, which was overruled by *Beckles*. Accordingly, the Undersigned **DIRECTS** any party who wishes to re-brief this matter to so indicate in the form of an objection to this Report and Recommendation, and the Undersigned will consider the issue of re-briefing.

## Procedure on Objections

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Natl Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that failure to object to the magistrate judges recommendations constituted a waiver of [the defendants] ability to appeal the district courts ruling); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district courts denial of pretrial motion by failing to timely object to magistrate judges report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ([A] general objection to a magistrate judges report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .) (citation omitted)).

**IT IS SO ORDERED.**

**DATE: February 5, 2018**　　　　　　　　　　　　*s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　　Elizabeth A. Preston Deavers
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge